Filed 7/8/16  P. v. Crawford CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080133 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F02044) |
| v. | |
| SHERENA LOUISE CRAWFORD, | |
| Defendant and Appellant. | |

On appeal, defendant Sherena Louise Crawford challenges the imposition of certain probation terms as unconstitutionally vague.  She argues the phrases "access card" and "personal identifying information" as used in the challenged probation terms are not sufficiently precise.  The People concede error, and we agree.

**BACKGROUND**

Defendant pleaded no contest to the unlawful use of personal indentifying information (Pen. Code, § 530.5, subd. (a))[1] and theft or unlawful driving or taking of a

---

[1] Undesignated statutory references are to the Penal Code.

1

motor vehicle (Veh. Code, § 10851, subd. (a)). The trial court placed defendant on probation for five years and ordered her to serve 364 days in county jail. The court also imposed various probation terms, including: "8. Defendant shall not knowingly possess an access card reader or an access card encoder" and "9. Defendant shall notify the Probation Department prior to accepting any employment that includes the legitimate acquisition of personal identifying information."

## DISCUSSION

On appeal, defendant challenges probation terms No. 8 and No. 9 as unconstitutionally vague. She argues "access card" and "personal identifying information" are not sufficiently precise. She notes several of her other probation terms include those phrases along with a statutory definition. Probation term No. 4, for example, proscribes possessing another person's "personal identifying information (as defined by Section 530.5 of the Penal Code)."[2] Similarly, probation term No. 5 proscribes possessing another person's "access card (as defined by Section 484d(2) of the

---

[2] Section 530.5 adopts the definition of section 530.55, which defines personal identifying information as "any name, address, telephone number, health insurance number, taxpayer identification number, school identification number, state or federal driver's license, or identification number, social security number, place of employment, employee identification number, professional or occupational number, mother's maiden name, demand deposit account number, savings account number, checking account number, PIN (personal identification number) or password, alien registration number, government passport number, date of birth, unique biometric data including fingerprint, facial scan identifiers, voiceprint, retina or iris image, or other unique physical representation, unique electronic data including information identification number assigned to the person, address or routing code, telecommunication identifying information or access device, information contained in a birth or death certificate, or credit card number of an individual person, or an equivalent form of identification." (§ 530.55, subd. (b).)

Penal Code)."[3]  Probation terms No. 8 and No. 9, by contrast, include no definition of "access card" or "personal identifying information."

Defendant notes one might reasonably conclude "personal identifying information" includes information such as birth dates and Social Security numbers—but not names or phone numbers.  Yet that conclusion would conflict with section 530.55's definition, which defines "personal identifying information" as including, inter alia, "any name, address, [or] telephone number . . . ."  Similarly, without a definition, "access card" gives defendant insufficient warning of what she may not possess.

The People agree probation terms No. 8 and No. 9 are not sufficiently precise.  They ask that we remand to allow the trial court to modify probation terms No. 8 and No. 9 to include the statutory definitions of "personal identifying information" and "access card."  Defendant responds that the trial court should not necessarily be constrained by the language in sections 530.5 and 484d, subdivision (2).  We agree.

Probation conditions " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' "  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  As defendant cogently explains, probation terms No. 8 and No. 9 do not sufficiently inform her of what is required of her, nor do they allow a court to determine if the terms have been violated.  We will therefore remand to allow the trial court to clarify probation terms No. 8 and No. 9.  The trial court may adopt the definitions of sections 484d, subdivision (2) and 530.5, but it need not be limited to those definitions if, after consulting the probation

---

[3]  Section 484d defines access card as "any card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access card, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by a paper instrument." (§ 484d, subd. (2).)

department and the parties, the court determines them inappropriate for probation terms No. 8 and No. 9.

## DISPOSITION

The matter is remanded to the trial court for modification of probation terms No. 8 and No. 9 consistent with the views expressed in this opinion.  The clerk of the trial court is directed to forward a certified copy of the modified order to the Sacramento County Probation Department.  The judgment is otherwise affirmed.

                                             RAYE        , P. J.

We concur:

    MAURO    , J.

    HOCH    , J.

4